UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAYLEY E. STILTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV592 HEA |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for child's disability insurance benefits and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On September 17, 2014, following a hearing, an ALJ found that Plaintiff was not under a "disability" as defined in the Act during any portion of the period of alleged disability.

Plaintiff protectively filed her applications for a Period of Disability, for Disability Insurance Benefits and for Supplemental Security Income alleging disability beginning December 1, 2009, however, the alleged onset date was amended to the earliest potential onset date of March 24, 2010, due to a denial of an earlier claim.

On July 17, 2014, Administrative Law Judge Bradley Hanan conducted a hearing. Plaintiff appeared in person. A vocational expert also appeared. Plaintiff was 23 years old at the time of the hearing. Plaintiff testified that she required special education classes since second grade. Plaintiff also testified that she has completed twelfth grade. Plaintiff further testified that she lives alone in an apartment and has a valid driver's license. She doesn't drive because she does not have a car or car insurance. She previously worked at fast food restaurants, but had to leave those jobs unrelated to her alleged disability. Plaintiff testified she was very social in response to the question of whether she liked people. Plaintiff testified that her feet and back hurt and that it is hard to stand for long periods of time. She admitted using marijuana, but denied use of any other illegal drugs. On examination by counsel, Plaintiff testified that she had been molested by her father, who subsequently committed suicide. She was placed in foster care after the molestation for a brief period of time. Plaintiff gained a lot of weight as a result of the Risperdal she was taking for ADHD, and as a result of the rapid weight gain,

she was harassed by other students at her school.  Plaintiff was also diagnosed as bipolar in sixth grade.  Plaintiff attempted suicide in middle school.  She has difficulty getting out of bed and feels exhausted due to her psychiatric issues.  She testified she has anger issues and has problems staying focused.  Plaintiff was not on ADHD medication at the time of the hearing.  During manic episodes, Plaintiff spends a lot of money.  Plaintiff further testified she has trouble with feedback, lots of feedback at once.  Plaintiff testified she gets out of bed and after going to the bathroom and brushing her teeth, she will check her pet's food and water, and will replenish them as needed.  She then goes back to bed and watches television all day.  She may or may not pick up her apartment, and sometimes plays with her pet.

A vocational expert also testified that given the limitations of medium exertional category, there are jobs in the national economy as hand packers, dishwashers, stores laborer.  The VE testified that if the claimant had to miss two or more workdays a month, or had to leave their workstation at unexpected times more than just the regular breaks, the jobs would not be available.

The ALJ determined that Plaintiff was not entitled to a finding of disabled.  The Appeals Council denied Plaintiff's request for review on February 22, 2016.  The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the specific issue in this case is: the ALJ erred in determining Residual Functional Capacity ("RFC") by failing to find additional limitations such as being off task and workplace absences, in light of medical evidence documenting numerous GAF scores below 45, as well as significantly impaired ability to complete tasks or relate to others, and vocational evidence of conflict with co-workers and impaired attention, among other evidence.

## Standard for Determining Disability

The Social Security Act provides for benefits to be paid to a disable child if she is 18 years old or older and has a disability that began before reaching 22. 20 C.F.R/ § 404.350(a)(5)

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the

ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next

step. *Id...* At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the

claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245

F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as is required. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment since the potential onset date of January 1, 2011. The ALJ found at Step Two that Plaintiff had the severe impairments of bipolar affective disorder, depression, attention deficit/hyperactivity disorder ("ADHD") oppositional defiant disorder ("ODD"), and obesity.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform medium work, except she sis unable to climb ropes, ladders, or scaffolds, is limited to performing work that involves only simple, routine, and repetitive tasks in a low-stress job environment, defined as one requiring only occasional decision-making, occasional judgment , and occasional changes in the work setting; she cannot tolerate contact with the public; can tolerate only casual and infrequent contact with coworkers; is limited to contact with supervisors concerning work duties occurring no more than four times per workday; and is limited to performing work wherein she needs close supervision, defined as having a supervisor check her work four times during a normal eight

hour workday. The ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Step Five the ALJ concluded that Plaintiff was not under a disability from January 1, 2011 through the date of the decision.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is

possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

Plaintiff argues that the ALJ erred in his RFC determination in failing to find additional limitations , including those described in Plaintiff's testimony including additional limitations with attention and concentration, needing to leave the workstation at unscheduled times and workplace absences. Further, Plaintiff contends that the ALJ rejected Dr. McDaniel's opinion because it was based on only three examinations, and that ALJ's "routinely rely on consultative examinations involving only one visit."

"The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating

physicians and others, and an individual's own description of [her] limitations.' " *Tucker*, 363 F.3d at 783 (quoting *McKinney*, 228 F.3d at 863). *See also Myers v. Colvin*, 721 F.3d 521, 526 (8th Cir. 2013).

To determine a claimant's RFC, the ALJ must move, analytically, from ascertaining the true extent of the claimant's impairments to determining the kind of work the claimant can still complete despite her impairments. *Anderson v. Shalala*, 51 F.3d. 777, 779 (8th Cir. 1995). "Although it is the ALJ's responsibility to determine the claimant's RFC, the burden is on the claimant to establish his or her RFC." *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016). The Eighth Circuit clarified in *Lauer* that "[s]ome medical evidence...must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace...." 245 F.3d at 704 (*quoting Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam); *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000)). Thus, an ALJ is "required to consider at least some supporting evidence from a professional." *Id. See also Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) ("The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC."); *Eichelberger v.Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).

Each of the ALJ's findings and conclusions contain a specific basis. The ALJ carefully considered all of the evidence. The ALJ recognized that Plaintiff does have severe medically determinable impairments, and included limitations within her RFC to reflect them. The ALJ found support for each of his determinations in the record. Plaintiff has always been observed to exhibit adequate hygiene, is able to participate in daily chores and meal preparations, can maintain her own apartment and attend to the needs of her pet. She can go on walks and can drive a car.

In any case, "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [a court] will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). *See also Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). For the following reasons, the Court finds that the reasons offered by the ALJ in support of his evaluation of Plaintiff's subjective complaints are based on substantial evidence.

First, the ALJ reviewed the objective medical evidence of record and determined that it failed to support the severity of Plaintiff's alleged symptoms. Specifically, the ALJ found that while Plaintiff alleged significant symptoms and

limitations, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. Contrary to Plaintiff's assertion, the ALJ considered Plaintiff's subjective complaints and found that the record as a whole, including the conservative treatment thereof, did not support Plaintiff's claim of disabling effect.

Although Plaintiff argues that the ALJ improperly discounted Dr. McDaniel's opinion because she saw Plaintiff on only three occasions, this argument is less than accurate. While the ALJ did partially discredit Dr. McDaniel's opinion because of the limited interaction between herself and Plaintiff, the ALJ also noted that Dr. McDaniel's opinion was unsubstantiated by treatment notes and inconsistent with the record as a whole. Indeed, Dr. McDaniel's opinion that maintaining employment would be "highly problematic," the opinion is conclusory and fails to be supported by evidence of why employment would be highly problematic.

Plaintiff also takes issue with the ALJ's hypothetical question to the VE because the limitations of needing to take more breaks at work and more time off work, however, Plaintiff provides no justification for those limitations in the record. The ALJ included Plaintiff's credible impairments within his hypothetical question. As such, the VE's opinion was proper.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of September, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE